CASE 62—ACTION BY COMMONWEALTH ON BEHALF OF CHARLES LIN-
THICUM, ESCHEATOR, AGAINST THE WISCONSIN CHAIR CO. TO FOR-
FEIT THE TITLE TO CERTAIN LAND TO THE STATE.—JAN. 19.

# Commonwealth v. Wisconsin Chair Co.

APPEAL FROM BALLARD CIRCUIT COURT—R. J. BUGG, CIRCUIT JUDGE.

JUDGMENT FOR DEFENDANT. PLAINTIFF APPEALS. AFFIRMED.

ESCHEAT—CORPORATIONS—LANDS—PARTIES ENTITLED TO SUE—ES-
CHEATOR.

Since the only instance in which an escheator can institute
proceedings to escheat land is under Kentucky Statutes 1903, sec-
tions 1606-1623, relating to the escheat of lands of persons dying
without heirs, distributees or devisees, such escheator was not en-
titled to maintain an action against a corporation to escheat land
alleged not to be necessary for the carrying on of the corpora-
tion's legitimate business, and to have been held by it more than
five years, as prescribed by Constitution, section 192, and Ken-
tucky Statutes 1903, section 567.

W. J. WEBB AND F. L. TURNER, ATTORNEYS FOR THE COMMONWEALTH.

ROBBINS & THOMAS, ATTORNEYS FOR APPELLEE.

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

The appellee is a foreign corporation, and owns forty-
seven acres of land in Ballard county. Charles Linthicum,
escheator, for Ballard county, instituted this action in the
name of the Commonwealth against appellee to forfeit its
title to the Commonwealth. It is averred that the appellee
owned it for a longer period than five years and did not
need it for carrying on the legitimate business authorized
by its charter. The action is based on section 192 of the
Constitution and section 567, Kentucky Statutes, 1903.
Section 192 of the Constitution reads as follows: "No cor-

poration shall engage in business other than that expressly authorized by its charter, or the law under which it may have been or hereafter may be organized, nor shall it hold any real estate, except such as may be proper and necessary for carrying on its legitimate business,' "for a longer period than five years, under penalty of escheat." Section 567, Kentucky Statutes, 1903, reads as follows: "No corporation shall engage in business other than that expressly authorized by its articles of incorporation or amendments thereto; . . . nor shall any corporation hold or own any real estate except such as may be necessary and proper for carrying on its legitimate business, for a longer period than five years, under penalty of escheat." The question arises as to the right of the escheator to institute and maintain this action. Neither the section of the Constitution nor that of the statute quoted provides a remedy for having land forfeited to the Commonwealth. The only instance in which an escheator can institute proceedings is under sections 1606 and 1623, inclusive, of Kentucky Statutes, 1903. Section 1606 reads as follows: "That part of estates lying or found in this Commonwealth not disposed of by will of persons who have died, or may hereafter die, without heirs or distributees entitled to the same, or which have been or may hereafter be devised to any person who, or any heir or distributee or devisee of his, or of the tstator, has not claimed the same, or shall" "not claim the same within eight years after such death, shall vest in the Commonwealth subject to the debts and liabilities of the decedent." This section provides the conditions under which the title to land may vest in the Commonwealth. It is only as to land thus vesting in the Commonwealth that the escheator has authority to maintain an action. The sections of the statutes referred to define the duties of es-

cheators. It would be violative of the statute to hold that the escheator could maintain this action. It would be creating a duty for the escheator to perform not prescribed by law. When the statute prescribes the duties of an officer, it excludes the idea that he is empowered to perform other and distinct duties. It is a case for the application of the rule of construction that the inclusion of one thing is the exclusion of all others. The court properly sustained the special demurrer. If we should suggest a remedy, it would be purely advisory. Besides, the court must forbear to express an opinion as to the purpose and effect of the provision of the Constitution and section 567, Kentucky Statutes, 1903.

The judgment is affirmed.