CASE 76.—CLAIM BY THE COMMONWEALTH AGAINST THE LOUISVILLE PROPERTY CO. AND ANOTHER.— April 29.

# Commonwealth v. Louisville Property Co., &c

Appeal from Bell Circuit Court.

M. J. Moss, Circuit Judge.

Judgment for defendants, plaintiff appeals — Reversed.

1. Attorney and Client—Authority of Attorney—Commencing Suit —Escheat—Enforcement.—A contract between an attorney and the State auditor, by which the attorney was given power to sue to recover for the State any property escheated to it, for which he was to receive certain compensation in the event of recovery, approved by the Attorney General and the Governor, is sufficient to authorize him under Ky. St. 1903, section 1622, providing for such employment, and section 114 authorizing the auditor to employ attorneys to aid in recovering claims due the State, and section 115 empowering the Governor to employ counsel in actions to enforce claims of the State, to institute an action to recover land escheated under

Commonwealth v. Louisville Property Co., &c.

Const. section 192, and Ky. St. 1903, section 567, providing that no corporation shall hold or own any real estate except what is necessary for carrying on its legitimate business for more than five years under penalty of escheat.

2.  Escheat—Burden of Proof.—In an action to recover property escheated to the State, the burden is on the State to prove the conditions authorizing such escheat.

C. G. BARRICKMAN, BEARD & MARSHALL and PICKETT & BARRICKMAN for the Commonwealth.

(No brief in the record for appellant.)

BENJAMIN D. WARFIELD for appellees.

C. W. METCALF of counsel.

POINTS DISCUSSED AND AUTHORITIES CITED.

1. The trial court properly held that the attorneys who brought this suit, and used the name of the Commonwealth as plaintiff therein, were without authority so to do. Therefore, the judgment of the trial court awarding rules against said attorneys to show by what authority of attorney they were prosecuting said suit; adjudging their responses to said rules insufficient; making said rules absolute, and dismissing the petition, was correct and should be affirmed by this Court. (Const. sec. 192; Ch. 44 Ky. Stats., Sec. 567 Ky. Stat.; Comth. v. Wisconsin Chair Co., 27 Ky. Law Rep., 170; Comth. v. Farmers Bank, Ib., 153; Comth. ex rel Louisville School Board v. I. C. R. Co., 30 Ky. Law Rep., 673; Jones v. MsMaster, 20 Howard (U. S.), 8; Louisville School Board v. King, 107 S. W., 247.)

2. The forfeiture prescribed by the Constitution (sec. 192) can not be enforced because there has been no legislation provided as yet for the enforcement of such forfeiture. Even if there had been, and even though this action could otherwise have been maintained, it can not be maintained for the reason that the petition shows on its face that the property sought to be escheated was being held for the very purpose for which the Louisville Property Company was created, and, therefore, was not held contrary to section 192 Constitution. No cause of action whatever is stated in the petition against the Louisville & Nashville Railroad Company, 3. Under the circumstances, the trial court properly adjudged the costs of this suit, on dismissal of the petition, against the attorneys who brought the suit without authority to do so.

OPINION OF THE COURT BY JUDGE SETTLE—Reversed.

By this action in equity instituted in the court below the appellant, Commonwealth of Kentucky, sought to recover of the appellees Louisville Property Company and the Louisville & Nashville Railroad Company certain lands situated in Bell county and particularly described in the petition, the title to which it is alleged is held by the Louisville Property Company for the use and benefit of the Louisville & Nashville Railroad Company, under some sort of arrangement between them, the nature and object of which is to enable the railroad company to engage in mining coal upon and from such lands, of which it is alleged to contain large quantities. The petition contains the averments, in substance, that the lands in question were held by the Louisville Property Company for more than five years before the institution of the action, and that none of it during that time was used by that company in its legitimate business, or was necessary for use in its business, for which reason it had escheated to the Commonwealth of Kentucky, and that the Commonwealth was and is therefore entitled to recover the property. It appears from the petition and the articles of incorporation of the Louisville Property Company, filed therewith as an exhibit, that "its business shall be that of purchasing, holding, leasing, selling, conveying, and otherwise using, managing, and disposing of all kinds of property, whether real, personal, or mixed, wherever situated in the United States of America." It further appears from the averments of the petition that the Louisville & Nashville Railroad Company is a corporation, chartered under the laws of this State, and that it owns and operates a system

of railroads in this and other states. At the appearance term the circuit court, upon appellee's motion, issued against the attorneys whose names are signed to the petition a rule requiring them to appear on a named date and show by what authority they had instituted and were maintaining the action. To this rule the attorneys in question filed a response containing the statement that one of them, G. S. Pickett, had · been employed by the State Auditor, with the approval of the Attorney General and Governor, to bring and prosecute the action, and that he (Pickett) had at his own expense employed and associated with him in the case the other attorneys whose names also appear to the petition. Accompanying the response and filed as a part thereof was the writing containing the contract between Pickett and the Auditor, under which the former claimed to have been employed and authorized to bring and maintain the action. The writing reads as follows:

"This agreement made this 27th day of April, 1907, by and between S. W. Hager, Auditor of the State of Kentucky, party of the first part, and George L. Pickett, attorney at law of Shelbyville, Shelby county, Ky., party of the second part, witnesseth: That the said party of the first part has this day employed said party of the second part, pursuant to section 1622 of the Kentucky Statutes of 1903, to institute such suit or proceedings as may be necessary to recover for the Commonwealth of Kentucky, any property which is escheated to the Commonwealth of Kentucky. Said second party agrees to prosecute and attend to all of such claims in a careful, diligent, and skillful manner, and in consideration for full compensation for all services rendered by him to the Commonwealth in this employment he shall receive a sum equal to 30 per

cent. of whatever may be recovered by him and paid into the treasury of the State, and he shall receive nothing for any service he may render to the Commonwealth in the prosecution of any such claim unless the recovery is had.

"In testimony whereof witness the hand of S. W. Hager, this the 27th day of April, 1907.

"[Signed] S. W. Hager, Auditor.

"I, N. B. Hays, Attorney General of the State of Kentucky, approve the employment of George L. Pickett, as set out in the above contract upon the terms and conditions thereof.

"[Signed] N. B. Hays, Attorney General.

"Approved.

"[Signed] J. C. W. Beckham, Governor."

Upon the hearing the circuit court held the response insufficient; adjudged that the contract between the Auditor and Pickett did not confer upon the latter or his associate counsel authority to bring or maintain the action; made the rule absolute, and dismissed the action, at the cost of the attorneys. From that judgment this appeal is prosecuted.

The lands sought to be recovered for the State are claimed as escheated property under section 192, Const., and section 567, Ky. St. 1903. Section 192, Const. provides: "No corporation shall engage in business other than that expressly authorized by its charter, or the law under which it may have been or hereafter may be organized, nor shall it hold any real estate, except such as may be proper and necessary for carrying on its legitimate business for a longer period than five years, under penalty of escheat." Section 567, Ky. St. 1903, is as follows: "No corporation shall engage in business other than expressly authorized by its articles of incorporation or amend-

ments thereto, nor shall any corporation, directly or indirectly engage in or carry on in any way the business of banking or insurance of any kind, unless it has become organized under the laws relating to banking and insurance; nor shall any corporation hold or own any real estate except such as may be necessary and proper for carrying on its legitimate business, for a longer period than five years under penalty of escheat.'' Chapter 44 (section 1606 to 1623, inclusive) Ky. St. 1903, relating to ''Escheats and escheaters,'' provides for the recovery by the Commonwealth of such lands and other property as it is therein declared shall escheat to it. Actions for which must, as provided by section 1611, be brought by an escheater to be appointed by the auditor, as provided in section 1610. Such actions or proceedings as may be brought by the escheater section 1611 declares shall be instituted and the recovery had in the name of the Commonwealth. In Commonwealth v. Wisconsin Chair Company, 119 Ky. 500, 84 S. W. 535, 27 Ky. Law Rep. 174, and Commonwealth v. Farmers' Bank, 84 S. W. 732, 27 Ky. Law Rep. 153, this court held that the provisions of chapter 44, Ky. St. 1903, did not apply to lands made the subject of escheat by section 192, Const., and that an escheater appointed under that statute (chapter 44) could only sue to recover lands or other property escheated thereunder. In other words, lands which under section 192, Const., and section 567, Ky. St. 1903, may be recovered by the Commonwealth under penalty of escheat, cannot be sued for and recovered by an escheater appointed under section 1610 of chapter 44.

Who, therefore, is authorized to recover the lands subject to escheat under section 192, Const., and section 567, Ky. St. 1903? It is not to be presumed that

the framers of the Constitution in adopting section 192 of that instrument, or that the Legislature in enacting section 567, Ky. St. 1903, intended that the State should be left without the means of enforcing the penalty of escheat as to lands held by a corporation contrary to their provisions. The escheat being provided for, and the right to enforce it being in the sovercign, the State, the failure of the statute to indicate the character of proceedings by which the property is to be recovered by it does not destroy the right or leave the State without a remedy. As the common law form of proceeding in such a state of case has been abolished, and the statute does not designate an agent of the State to enforce the right it confers, the State may itself enforce it by a suit in equity. This being true, the question of whether the attorney representing the State has been legally employed to act, while not unimportant, becomes a secondary matter. On this point, however, the writing filed with the response clearly shows the employment of Pickett, and the response shows he in turn employed the other counsel associated with him in the case. In providing for the appointment of an escheater and defining his powers and duties, the several sections of chapter 44, Ky. St., in express terms, confine their exercise and performance to the recovery of property escheated under the provisions of that chapter. For instance section 1611 provides: ''The escheater shall institute proceedings in the name of the Commonwealth in the circuit court of the county in which land lies that has vested in the Commonwealth under the provisions of this chapter for the recovery of the same. * * *'' Again it is declared by section 1616: ''Any escheater failing to comply with any of the requisitions of this chapter shall be fined $100.00, upon

indictment in the Franklin circuit court.'' But section 1622 of chapter 44, which allows the employment of an attorney at law by the Auditor to attend to claims of the Commonwealth for the recovery of escheated property, contains no such limitation. That section reads as follows: ''An attorney at law may be employed by the Auditor, with the approval of the Attorney General, to attend to claims of the Commonwealth for the recovery of escheated property. The compensation of such attorney shall always be fixed by written contract, indorsed 'Approved' by the Governor.'' The language of this section is broad and comprehensive. It permits the Auditor to employ an attorney for the purpose of recovering any escheated property the State may be entitled to, whether under chapter 44 or other provisions of the Kentucky Statutes. If it had been the intention of the Legislature to confine the duties of such attorney to the recovery of such property as may escheat to the State under chapter 44, we take it that the section would have said so as in the matter of restricting the duties of the escheater to chapter 44. We are of opinion, therefore, that the employment of Pickett by the Auditor to institute this action against the appellees was authorized by section 1622, and the contract evidencing his employment conforms to the requirements of that section, as it shows that the employment was made with the approval of the Attorney General, the object of the employment, and that the compensation of the attorney was fixed thereby with the approval of the Governor.

It would, perhaps, be in accord with the law as well as the policy of the State to say that the employment of Pickett was also authorized by sections 114 and 115, Ky. St. 1903; the first giving to the Auditor au-

thority to employ attorneys in the various counties, if necessary, to aid the Attorney General in investigating and recovering for the State such unsatisfied claims or other demands as may be due it; the second empowering the Governor to employ counsel to represent the Commonwealth in actions or proceedings for the collection or enforcement of claims or demands of the Commonwealth in such actions or proceedings as it may have an interest in or be a party to. If right in the above conclusion, it follows that the circuit court erred in sustaining the rule against appellant's attorneys, and in dismissing the action; and, this being true, it is unnecessary to decide whether the attorneys were liable for costs, had the dismissal of the action been proper.

It is insisted by counsel for appellees that the petition is fatally defective, and therefore fails to state a cause of action against either of the appellees. That question is not before us for review, and we, therefore, decline to pass upon it. It will, however, arise upon the return of the case to the lower court, and that court will first decide whether the petition states a cause of action, and, if so, whether the grounds exist for the escheat of the lands sought to be recovered, as specified in section 192, Const., and section 567, Ky. St. 1903; the burden being upon the Commonwealth to prove the conditions authorizing such escheat.

For the reasons indicated, the judgment is reversed, and cause remanded for further proceeding consistent with the opinion.