### Morison, et al. v. Meade, et al.

(Decided July 1, 1924.)

Appeal from Edmonson Circuit Court.

Wills—Surviving Children of One of Three Deceased Devisees in Common Held to Take Entire Estate.—Under will devising "the remainder of my property to be equally divided between" a sister and two brothers, held that surviving children of one of three devisees, all being deceased without other issue prior to death of testatrix, took entire remainder, in view of Ky. Stats., sections 2064, 4841; devisees being tenants in common or joint tenants.

DUSTIN, McKEEHAN, MERRICK, ARTER & STEWART, JOHN D. CARROLL, W. O. JONES, ORVILLE SMITH and GEORGE D. LITSEY for appellants.

ALBERT C. HASSE, ISAAC CARTER and JOHN B. RODES for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Reversing.

We are presented with the question whether the surviving children of one of three deceased devisees in common take merely that part of an estate—one-third—devised to their father, or whether they take the whole estate as survivors of the three devisees who predeceased the testatrix. This question depends upon the construction to be placed upon the terms of the following will when read in the light of sections Nos. 2064 and 4841 Kentucky Statutes.

The will of Martha L. Morison, of Cleveland, Ohio, was made in 1895, but her death did not occur until 1917. Before she died all of the devisees mentioned in the will died unmarried and without issue save Thomas C. Morison, who died leaving two children, who survived the testatrix. The material parts of the will read:

"I, Martha L. Morison, of the city of Cleveland, county of Cuyahoga, and state of Ohio, being about — years of age, and being of sound and disposing mind and memory, do make, publish and declare this my last will and testament, hereby revoking and making null and void all other last wills and testaments by me made heretofore:

"First: My will is that all my just debts and funeral expenses shall be paid out of my estate as soon after my decease as shall be found convenient.

"Second: I give, devise and bequeath to my sister Charlotts C. Morison all of my personal property. My share in house and lot on Prospect street, now known as 866. My share in property in Public square north of Superior st., and facing northwestern section of P. square. The remainder of my property to be equally divided between sister Charlotts C., brother David and brother Thomas C.

"In case Charlotts C. Morison die within a month of my death, I desire that $5,000.00, five thousand be given to the Foreign Presbyterian Board of Missions; $5,000.00, five thousand to be given to Home Presbyterian Board of Missions; $1,000.00, one thousand to Oberlin College; $1,000.00, one thousand to Young Woman's Christian Association of Cleveland; $2,000.00, two thousand to Woman's Board of Missions; $1,000.00, one thousand to my niece Dora Rucker; one thousand to my niece Lois

Rucker; one thousand to Fanny Morison, daughter of Alexander Morison; $2,000.00 to Phillip Morison, my nephew. The remainder of my property to be divided between my brothers David and Thomas C. Morison.''

This will was construed by the supreme court of Ohio in vol. 110 Ohio —, in the case of Hesse v. Morison. In construing the will the Edmonson court said:

''Said Charlotts C. Morison was never married, left no descendants, and died about eighteen years before the death of said Martha L. Morison; that said David Morison was never married, left no descendants and died before the death of said Martha L. Morison; that said Thomas C. Morison was married, left two descendants, the plaintiff, Thomas A. Morison, and defendant, Phillip D. Morison, and died before the death of said Martha L. Morison; that the condition set forth in said will, viz.: 'In case Charlotts C. Morison die within a month of my death,' etc., did not occur, and therefore that the beneficiaries named in said conditional clause have no right, title or interest in or lien upon the real estate described in plaintiff's petition, or any part thereof; that the first remainder clause mentioned in said will is effective, and that the second remainder clause following said conditional clause is void and of no effect whatever, and that under said first remainder clause the sons of Thomas C. Morison, being the plaintiff, Thomas A. Morison, and defendant, Philip D. Morison, take under the will one-third (1-3) of the said real estate owned by said Martha L. Morison at the time of her death, each of said sons of Thomas C. Morison taking one-half (1-2) of said one-third (1-3), or one-sixth (1-6) to each of them; that the other two-thirds (2-3) of said real estate so owned by said Martha L. Morison at the time of her death passed as intestate property to her heirs-at-law.''

On this appeal the surviving children of Thomas C. Morison claim to be entitled to the entire estate devised in these remainder clauses. On the other hand, it is the contention of the appellees, the collateral kindred, that these two children of Thomas C. are only entitled to that part of the remainder estate that their father, Thomas

C., would have taken had he survived the testatrix, and accordingly, that the testatrix died intestate as to two-thirds of the remainder estate, that is, the two shares that Charlotts C. and David would have taken if they had survived the testatrix.

Under this construction, which was accepted by the lower court, the appellants, children of Thomas C., took one-third of the remainder, as children of Thomas C., and under the will a one-half of the other two-thirds, as nearest of kin of the testatrix. In other words, under the judgment of the lower court the children of Thomas C. got, in the manner stated, and under the first remainder clause, two-thirds of the remainder estate, and the collateral kindred the other one-third.

Charlotts C. Morison died many months before the testatrix and her two brothers, David and Thomas C., both died previous to the testatrix. Giving effect to the whole verbiage of the will we conclude that the first residuary clause set out in the testamentary paper must prevail. It reads:

> "The remainder of my property to be equally divided between sister Charlotts C. and brother David and brother Thomas C."

We think this is manifest from the next two succeeding paragraphs of the will. The first one begins: "In case Charlotts C. Morison die within a month of my death I desire that $5,000.00 be given to the Foreign Presbyterian Board of Missions, etc." Then comes the second residuary clause, which must be read in connection with the last paragraph from which we have quoted, and it provides: "The remainder of my property to be divided between my brothers David and Thomas C. Morison." It is contended by appellants that as Charlotts C. Morison did not die within a month of the death of the testatrix the several devises mentioned in the same clause did not take effect and the second residuary clause by which she gave to her brothers David and Thomas C. all of the balance of her estate became inoperative, and this we conceive to be the correct interpretation. Our statutes relating to this situation, read:

> "Section 2064. Death of One of Several Devisees Before Testator—Children Embraces Grandchildren.—When a devise is made to several as a class or as *tenants in common,* or as joint tenants, and one or more of the devisees shall die before the

testator, and another or others shall survive the testator, the share or shares of such as so die shall go to his or their descendants, if any; if none, to the surviving devisees, unless a different disposition is made by the devisor. A devise to children embraces grandchildren when there are no children, and no other construction will give effect to the devise.''

''Section 4841. Children of Devisee or Legatee —When Take Parent's Share.—If a devisee or legatee died before the testator, or is dead at the making of the will, leaving issue who survive the testator, such issue shall take the estate devised or bequeathed, as the devisee or legatee would have done if he had survived the testator, unless a different disposition thereof is made or required by the will.''

While the devise to Charlotts, David and Thomas C. may not have been to a class, it was to them as ''tenants in common,'' or as ''joint tenants,'' and therefore comes within section 2064 above quoted. A devise was made to each of the three as tenants in common or as joint tenants, and all of the devisees died before the testatrix, but Thomas C. left descendants. In such case the descendants of Thomas, according to section 2064, took at least his third. If there be no descendants of a deceased devisee, a surviving devisee takes the whole estate unless a different purpose is manifested by the testamentary paper, which is not true in this case. There was, however, no surviving devisees in the strict sense, but it is insisted by appellants that the children of Thomas, by the provisions of section 4841, Kentucky Statutes, took his place as devisee and took ''the estate devised'' in the same way and to the same extent as the original devisee Thomas would have taken it had he survived the testator, and that insistence is based upon the precise language of section 4841, which says, in substance, that if a devisee die before the testator leaving issue who survives the testator such issue shall take the estate devised as the devisee would have done if he had survived the testator. This argument makes equally plausible the argument that the issue of Thomas did take the estate of Thomas, which estate, they insist, included not only the one-third originally intended for Thomas by the will, but all of the estate, including that devised to David and Charlotts, which Thomas would have taken had he survived the testatrix. The other devisees having de-

parted this life before the death of the testatrix, leaving surviving no children of their own, the children of Thomas took the entire estate just as the devisee or legatee (Thomas) would have done if he had survived the· testatrix.

Planting the construction upon the express words of the statute and giving to the language employed its usual and accepted meaning, we must hold that as all of the devisees died before the testatrix, one only leaving descendants, such descendants take the entire estate just as their father would have done had he survived the testatrix (section 2064, Kentucky Statutes), and just as they would have taken it had their father been the sole devisee under section 4841, Kentucky statutes. The two sections of the statute must be read and considered together in reaching a conclusion under the facts of this case.

Judgment reversed for proceedings consistent with this opinion. Whole court sitting.