# Lally et al. v. Lally's Administrator et al.

(Decided Dec. 21, 1934.)

D. B. COUGHLIN for appellants.

M. J. HENNESSEY for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The correct disposition of this case requires a construction of clause 6 of the will of Minnie H. Lally in connection with sections 2064 and 4843, Kentucky Statutes.

By this clause, the testatrix devised "one-third of the balance or residue" of her real and personal property to James Hanley "absolutely and forever"; one-third to Dennis Hanley "absolutely and forever"; and the remaining one-third to James Hanley in trust "for the sole use of Ellen Ratler," "during her natural life"; at her death to Margaret Ratler, to be paid when she arrives at a designated age, and, if she should die without issue surviving her, before reaching that age, then this one-third to revert to "James Hanley and Dennis Hanley, or their heirs, share and share alike."

James Hanley predeceased the testatrix, leaving no issue surviving, but left surviving, as his heirs at law, Dennis Hanley, a brother; Ellen Ratler, a sister; Alice Ratler, Minnie Lally Hostetter, and Margaret Lally Maher, children of Margaret Ratler, a deceased sister.

The State Trust Company was appointed and qualified as the administrator with the will annexed. It, with Dennis Hanley and wife, Ellen Ratler, and Margaret Ratler, by her next friend, filed this action against Alice Lally, Minnie Lally Hostetter, and Margaret Lally Maher for a construction of clause 6 and a direction of the proper distribution of the interest of James Hanley in the estate of the testatrix under clause 6.

In their answer they asserted that the one-third of the estate devised to James Hanley "passed under the laws of descent and distribution as in case of intestacy

to the heirs at law of the testatrix, Minnie H. Lally,'' and that, for the purpose of distribution, the devise of James Hanley should be treated as undevised property. On completed issues, the court decreed that, ''after the payment of the certain bequests provided for in other items of the will, the balance or residue of the estate of the testatrix was devised to James and Dennis Hanley in fee simple and to the sister for life with the remainder to her daughter, Margaret Ratler.'' It was further decreed that the devise to James Hanley passed by operation of law to Dennis Hanley and Ellen Ratler, with ''the right of possession and present enjoyment of one-half of the residue of the estate to Dennis Hanley, and the other half to Ellen Ratler, subject to the provisions of clause six of the will.''

The named children of the deceased sister are here insisting that the devise to James Hanley, since he predeceased the testatrix, passed to her heirs at law.

To support their construction of the will, they cite to us section 4843, Kentucky Statutes; Garrard et al. v. Kendall (Ky.) 121 S. W. 997; Struss v. Fidelity & Columbia Trust Co. et al., 182 Ky. 106, 206 S. W. 177; Carroll v. Carroll's Ex'r, 248 Ky. 386, 58 S. W. (2d) 670. The section of the statute cited by them was construed in Newton, etc., v. Southern Baptist Theological Seminary, 115 Ky. 414, 74 S. W. 180, 24 Ky. Law Rep. 2310, and in Schroeder, etc., v. Bohlsen, etc., 119 Ky. 305, 83 S. W. 627, 84 S. W. 535, 26 Ky. Law Rep. 1237, 27 Ky. Law Rep. 188. The construction therein was followed in Garrard et al. v. Kendall.

The cases of Struss v. Fidelity & Columbia Trust Co. et al. and of Carroll v. Carroll's Ex'r are not pertinent to the questions to be determined.

In Newton, etc., v. Southern Baptist Theological Seminary, the testator devised land for life, with the remainder to his daughter if she survived the life tenant, otherwise to a certain school. The daughter devised it to the Southern Baptist Theological Seminary, but died before the life tenant. The estate which she took under the will was a contingent remainder which never took effect because her death occurred before the devise became effective or during the life of the life tenant. It was therefore held that the devise under the daughter's will never took effect because it did not exist. In Schroeder v. Bohlsen et al., a certain sum of money

was devised to a brother who was in the lunatic asylum, should he be restored to his right mind and discharged as cured. The residue was devised to a third person. The brother died in the lifetime of the testatrix without being restored to reason. It was held, no contrary intention appearing in the will, the devise to the brother passed as in case of intestacy.

In Garrard et al. v. Kendall, the will of the wife gave to the husband a life estate with the right to enjoy the emoluments arising from the property, equally with her children, provided the corpus remain intact for the benefit of her children. Another clause of the will provided that, after the death of the husband of the testatrix, the property should be equally divided among her daughters, naming them, and her granddaughter, naming her. By still another clause it provided that, if any of them should die without children, their portion was to be divided equally among the remaining children, etc. The contention in the case was that a defeasible fee was devised, subject to be defeated by dying without children. The determinate question in the case was whether "dying without children" should be confined to death without issue before or after the death of the father. It was our conclusion the devise was to a class and the period of division among that class was postponed by the language of the will until the death of the father; or that "death without children," as used in the will, referred to death without children before the period fixed for the division.

Section 2064 was not involved in either of those cases; nor in Struss. v. Fidelity & Columbia Trust Co. et al., or in Carroll v. Carroll's Ex'r.

The devise of one-third of the residue to James Hanley, one-third to Dennis Hanley, and the remaining one-third to Ellen Ratler, with the restrictions as to her third, as defined in the will, was to them as joint tenants, or tenants in common as these terms are used in section 2064.

Section 4843 must be construed in connection with section 2064 and clause 6 of the will. We reviewed and considered these sections of the statutes in Morison et al. v. Meade et al., 204 Ky. 86, 263 S. W. 768; Holland v. Holland's Ex'r & Trustee, 238 Ky. 841, 38 S. W. (2d) 967; and we decided therein the question here presented,

and also in the recent case of Auxier's Ex'x v. Theobald, 255 Ky. 583, 75 S. W. (2d) 39.

In Holland v. Holland's Ex'r and Trustee, the testator devised the remainder of a fund, one-fourth each, to the devisees named in the will. In Morison et al. v. Meade et al., the testator devised the remainder of his estate to two brothers and a sister, to be divided equally among them. In Auxier's Ex'x v. Theobald, the testator devised the remainder of one-half of his estate to five named devisees. In those cases one of the named devisees predeceased the testator. We held the devisees under the wills involved were joint tenants or tenants in common, within section 2064. It is our conclusion that the circuit court's construction of clause 6 is in accord with the construction of the sections of the statutes involved as given them in the cases supra, in which similarly phrased wills were construed.

The judgment being in harmony with our views, it is affirmed.