## Horseman v. Horseman et al.

February 4, 1949.

Redwine & Redwine and Eugene Siler for appellant.

J. Smith Hays for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Irvine Horseman died testate on October 8, 1947, a resident of Clark county, Kentucky. Prior to his death, and on July 16, 1943, he executed his last will and testament in which he appointed his widow, the appellee, Elnora Horseman, executrix thereof and she qualified as such. By the first clause thereof it provided for the payment of his debts; by the second clause decedent devised to his wife all of his real estate "which is my farm on the Ford and Hampton road, for and during the term of her natural life," and to her absolutely all of his personal property owned by him at his death. Clauses 3, 4, and 5 of the will are as follows:

"Item Three: I give and devise to my three sons, Nolan Horseman and Oren E. Horseman and Ora Gilmore Horseman, all of the remainder interest in my real estate, consisting of my farm hereinabove described, subject to the life estate of their mother, and in fee simple to be theirs in equal shares after their mother's death.

"Item Four: My farm is under mortgage for a balance of some Six Thousand Dollars ($6,000.00); and it is my will that my said wife and three sons hereinabove named shall have the right to make such disposition of said mortgage as they see fit either by sale of the property and payment of the debt, or in any way they wish to handle it.

"Item Five: I have another son, Esten B. Horseman, I have not made any provision for him in this will. This is not because of any lack of affection for my said son, but my three other sons hereinabove named have worked with me to make what I have, and I feel that it is only just and right that I should provide for them as herein above stated."

In addition to the three sons mentioned in clause (3) of his will, testator had a fourth son, the appellant, Esten Horseman, who was the first born of his marriage. Shortly after the birth of appellant his father and mother separated and appellant shortly thereafter (the time not stated in the petition) was placed in the custody of a relative. Although his parents were later reconciled

he never returned to their home, but was reared in the home of his custodian. He has now reached adult age and has never married. After the placing of appellant in the home of his relative, and before the testator's death, Ora G. Horseman, one of the three sons named in clause (3) of his father's will, died unmarried and without issue.

On March 13, 1948, the appellant filed this declaratory judgment action in the Clark circuit court against his mother as executrix of his father's will and his two surviving brothers, Nolan Horseman, and Oren E. Horseman, in which he alleged that the death of his brother, Ora G. Horseman, without issue and before the death of the testator, produced a lapse of his devised one-third interest in the testator's farm, as mentioned in clause (3) of his father's will, and that it reverted to his father's estate and became undevised property to which he inherited one-third of his deceased brother's share as his father's heir. He prayed that the court so adjudge which, if correct, would entitle him to a one-ninth remainder interest in the farm owned by his father at the latter's death. Defendant filed a general demurrer to the petition which the court sustained and dismissed the petition on plaintiff declining to plead further. From that judgment plaintiff prosecutes this appeal.

The argument of defendants' counsel in support of their demurrer to the petition is bottomed on subsection (1) of section 394.410 KRS, which says:

"When a devise is made to several as a class or as tenants in common, or as joint tenants, and one or more of the devisees die before the testator, and another or others survive the testator, the share or shares of such as so die shall go to his or their descendants, if any; if none, to the surviving devisees, unless a different disposition is made by the devisor."

On the other hand, it is argued by counsel for appellant that section 394.500 should govern the proper interpretation of the will here in contest. That section says:

"Unless a contrary intention appears from the will, real or personal estate, comprised in a devise incapable

of taking effect, shall not be included in the residuary devise contained in the will, but shall pass as in case of intestacy.''

That section, however, is inapplicable to the situation here for two reasons, (a) it is not applicable in any event where ''a contrary intention appears from the will,'' and (b) it is not made applicable by its terms to a devise to a group or class of devisees as joint tenants or tenants in common created by the testator, or testatrix making the will. It is apparent, therefore, that the latter section does not apply to and has no effect upon the proper determination of the question presented by this record. Instead, it clearly appears and we so hold that the rights of the parties are to be determined, and are governed, by the provisions of section 394.410. Counsel for appellant in their effort to eliminate the provisions of section 394.410, as applicable to the facts here presented, argue that it applies only when the class or group of devisees are referred to in *general* terms, as children, grandchildren, daughters, sons, etc. and that the section does not apply where the maker of the will creates a class composed of a less number of members than would be included in such general description. We are not prepared to accept that interpretation of the section and which determination on our part is supported by the authorities hereinafter referred to. On the contrary, it is our conclusion that the maker of a will may create a class from a less number of members than the natural class of which they are also members and that it is competent for one to create by his or her will a class of devisees so as to make them joint tenants or tenants in common of the property devised to the class in the proportion of each member as directed in the will.

Independently, however, of the foregoing conclusion it will be noted that upon the death of a member of a group or class before that of the testator his interest as a member of the designated class shall become vested in the survivors of the class, as prescribed in section 394.410, when the devise creates a joint tenancy, or tenancy in common or to a class ''unless a different disposition is made by the devisor.'' In this case there is not only the absence of a different disposition by the testator, but on the contrary he makes it plain, certain and unambiguous as to his intention that the plaintiff

should not share any portion of his estate for the reason stated in item (5) of his will, which was, that plaintiff never asisted him in acquiring the devised property since he was not a member of his family as hereinbefore pointed out, but that his three sons whom he constituted as members of the group or class of joint tenants and tenants in common of the property devised to them did aid and assist him in acquiring it and since they "have worked with me to make what I have * * * I feel that it is only just and right that I should provide for them as hereinabove stated." That clause in testator's will conclusively reveals his intention for his sons surviving him who helped him to acquire the estate should receive the title thereto after the death of their mother. That fixed intention, as we conclude, is further emphasized by item (4) of his will wherein he disclosed a mortgage of $6,000 on his farm and vested his wife and the three sons named in item (3) of his will with the authority "to make such disposition of said mortgage as they see fit either by sale of the property and payment of the debt, or in any way they wish to handle it." It is thus seen that he did not intend his fourth son, the appellant, to have any voice in the exercise of such power, which possibly he would have possessed, if he became entitled to share a one-ninth interest in his father's farm as contended for in this action.

Supporting the right of a testator to create a class of devisees composed of a less number than the natural class to which they belong. is the text in 57 A.J. 831, section 1259, which says:

"The only universal rule for determining whether testamentary gifts to several persons are gifts to them as a class rather than as individuals is to ascertain the intention of the testator, which, it is everywhere conceded, is controlling. The decisive inquiry is, whether or not the testator, in making the particular gift in question, did so with 'groupmindedness', whether, in other words, he was looking to the body of persons in question as a whole or unit rather than to the individual members of the group as individuals; if the former, they take as a class. Any additional circumstances which may be seized upon, such as the general scheme of the will, the manner and form in which the beneficiaries are designated, the particular language used, or the relationship of the

parties and the circumstances surrounding the testator, are to be regarded merely as aids in ascertaining the testatorial intention.''

Further along in the same section the text says:

''But a class, in legal contemplation, need not be a natural class apart from the grouping made by the testator, for a gift, such for instance as one to 'A and the children of B' may be made to persons not coming under any common description in such a maner as to constitute them a legal class.''

Among the cited authorities in support of each excerpt are: Walker v. First Trust & Savings Bank, 8 Cir., 12 F.2d 896, 75 A. L.R. 757, 780; In re Estate of Murphy, 157 Cal. 63, 106 P. 230, 137 Am.St.Rep. 110; Strauss v. Strauss, 363 Ill. 442, 2 N.E.2d 699, 105 A.L.R. 1386, 1395 and cases cited in the opinions therein reported. Under facts more favorable to appellant's contention than those appearing in this case, we held in the case of Auxier's Ext'x et al. v. Theobald et al., 255 Ky. 583, 75 S.W.2d 39, that section 394.410 governed the disposition of testator's property as expressed in his will which he made to a class of his own creation. The same conclusion was reached in the case of Lally v. Lally's Adm'r, 257 Ky. 105, 77 S.W.2d 423, 425. Domestic cases cited in those opinions and relied on by appellant's counsel supporting the contention of appellant were distinguished from the facts of both that and this case. The final conclusion reached, approved and adopted by us was that:

''The devise of one-third of the residue to James Hanley, one-third to Dennis Hanley, and the remaining one-third to Ellen Ratler, with the restrictions as to her third, as defined in the will, was to them as joint tenants, or tenants in common as these terms are used in section 2064.''

Other domestic cases sustaining the interpretation and application of the provisions of section 394.410 supra are listed in the volume of notes to the various sections of that edition of the statute.

We deem further elaboration of the question raised unnecessary and the same is true in regard to additional authority for our conclusion as to the intention of Irvine Horseman to vest the final and unencumbered title to his

real estate after the death of their mother in his three sons or the survivor or survivors of them at the time of his death without any reverter to his estate of the share of any member of the group predeceasing him.

Wherefore, the judgment is affirmed.