234 S.W.2d 501 (1950)
SHOENBERG et al.
v.
LODENKEMPER'S EX'R et al.
Court of Appeals of Kentucky.
November 21, 1950.
Hargadon, Bennett & Lemaire, Louisville, for appellants.
Ben F. Washer, Louisville, Ky., for appellee, Liberty Nat. Bank & Trust Co., executor.
James Walter Clements, Louisville, Ky., for appellees, Rudy J. Bouteiller and others.
*502 VAN SANT, Commissioner.
Rose Lodenkemper, by will, made certain specific bequests which are not in controversy. She disposed of the residue of her estate in Item VI of the will which provides: "All the rest and residue of my estate, real, personal and mixed and wherever situated, I give, bequeath and devise to Rudy J. Bouteiller, Lula Bouteiller, Anna Sauter, Josephine Bouteiller, Pauline Rusterholtz, Eleanora Porteous, Rosa Buddell, Marie Hamlin, Ethel Higgins, 624 E. Walnut St., Louisville, Kentucky, Mrs. Ida Schulten, 522 East Walnut St., Louisville, Ky., Mrs. Georgina McCormick, 420 East Brandeis St., Louisville, Ky., and Mamie Ausbach, Louisville, Kentucky absolutely and in fee simple, share and share alike."
She nominated the Liberty National Bank and Trust Company of Louisville executor of the will and directed it to convert into cash all the assets of the estate, except a specific devise to Mrs. Ida Schulten. One of the residuary legatees, Pauline Rusterholtz, without issue, predeceased the testatrix. This action was instituted by the executor for a declaratory judgment construing Item VI, supra. The Chancellor, being of the opinion that the residue of the estate was bequeathed to the named residuary legatees as a class, decreed that the share of the deceased member of the class should be equally distributed to the surviving residuary legatees under K.R.S. 394.410 which reads:
"When a devise is made to several as a class or as tenants in common, or as joint tenants, and one or more of the devisees die before the testator, and another or others survive the testator, the share or shares of such as so die shall go to his or their descendants, if any; if none, to the surviving devisees, unless a different disposition is made by the devisor.
"A devise to children embraces grand-children when there are no children, and no other construction will give effect to the devise."
Appellants, who defended the action on behalf of the maternal heirs at law of the testatrix, contend that the bequest to the deceased residuary legatee should pass to the heirs at law of the testatrix under the provisions of K.R.S. 394.500 which reads: "Unless a contrary intention appears from the will, real or personal estate, comprised in a devise incapable of taking effect, shall not be included in the residuary devise contained in the will, but shall pass as in case of intestacy."
Before consideration of the case on its merits, we must dispose of the motion to dismiss the appeal because the amount in controversy is not sufficient to give this Court jurisdiction. This contention is based on the argument that there are over twenty-three maternal and six paternal heirs at law, who, under appellants' contention, would participate in the lapsed legacy, and since no one of them would receive as much as $200, this Court does not have jurisdiction to review the judgment. There is no showing of the degree of relationship the heirs bear to the testatrix, thus we cannot determine as an original proposition that one of the appellants, if successful, would not be entitled upon final distribution to receive more than the jurisdictional amount; and under these circumstances since the Chancellor granted the appeal, we would, if necessary, presume he acted correctly. For the purpose of determining jurisdiction, however, the amount in controversy is not the amount to which each of the parties may be entitled upon distribution, it is the amount of the fund in the hands of the executor for distribution, which admittedly is sufficient to give this court jurisdiction to review the judgment.
K.R.S. 394.500 is determinative of this case unless Item VI, supra, comes under the terms of K.R.S. 394.410 in that the residuary legatees take as a class, joint tenants, or tenants in common. In the absence of a showing of a contrary intent by the will, a lapsed legacy will not pass under the residuary clause and such intent is not provided by the presumption against intestacy. Chrisman v. Allman, 302 Ky. 144, 194 S.W.2d 175.
In order to determine whether named legatees who are to share alike in a bequest constitute a class it is necessary to determine whether or not it was the intention *503 of the testator to make a bequest to those named as a group or to deal with them as specific persons. If it should be evident from the language used that the testator was group minded, his intent to create a class likewise would be evident. Restatement, Property III, chapter 22, page 1451, et seq. We cannot agree with appellees that the failure of the testatrix to execute a codicil after the known death of one of her residuary legatees is of any probative value in determining the question, Restatement, Property III, section 282, page 1480; nor does the mere failure to name certain heirs in the will or the mere bequeathing of nominal sums to others have the force of showing that the testator intended to disinherit them, if preferred relatives or friends are incapable of receiving bequests granted them. To so hold would be to speculate as to an intent neither expressed nor clearly manifested.
In Horseman v. Horseman, 309 Ky. 289, 217 S.W.2d 645, 646, relied on by appellees, the testator devised the remainder interest in his property to three of his four sons and in Item V of the will expressed his intent in the following language: "Item Five: I have another son, Esten B. Horseman, I have not made any provision for him in this will. This is not because of any lack of affection for my said son, but my three other sons hereinabove named have worked with me to make what I have, and I feel that it is only just and right that I should provide for them as herein above stated."
In designating the devisees of the remainder, the testator used the following language: "I give and devise to my three sons, Nolan Horseman and Oren E. Horseman and Ora Gilmore Horseman, all of the remainder interest * * *."
In that case the court concluded that the three sons constituted a class and that the survivors of the class were entitled to the lapsed devise under K.R.S. 394.410. They were not classified as his sons but as a group which had helped him accumulate the property. He did not include the fourth son in the group but clearly showed that the only reason for leaving him out was that he had not contributed anything in the accumulation of that particular part of his estate. There was no preference of three sons over the fourth son in the affections of the testator and they were grouped solely on past performances in respect to the property involved. The circumstances in that case place it within the rule stated in Restatement, Property III, chapter 22, section 281, page 1471 wherein it is said: "the class gift construction more fully accomplishes the manifested intent of the conveyor (testator) to exclude designated persons from sharing in the subject matter of this limitation." (Our emphasis)
The court could have arrived at the same result in the finding, which is apparent, that the three sons were tenants in common of the real estate devised. In the instant case, the testator has used no words showing an intent that the residuary legatees be considered as a class. They merely appear individually as preferred friends. It is obvious that the residuary legatees cannot be construed to be a class.
Since there are no words of survivorship, the residuary legatees cannot be construed to be joint tenants in contra-distinction to tenants in common. Stambaugh v. Stambaugh, 288 Ky. 491, 156 S.W.2d 827. The only remaining relationship of the residuary legatees to each other which would entitle them to participate to the exclusion of other heirs is that of tenants in common. On this question the material facts of the instant case are identical with those in McLeod v. Andrews, 303 Ky. 46, 196 S.W.2d 473, 474. In that case the testatrix made the following disposition of the residue of her estate: "then any residue of my estate which may remain, I give and devise in equal shares to Mrs. Kate Donaldson, John McLeod, and George McLeod."
Previous to the residuary clause the testatrix had made specific bequests to a niece, Clara Andrews, and to Mrs. Kate Donaldson, Mrs. Emmitt Waddle, and Mrs. Ella Harp. Mrs. Donaldson, Mrs. Waddle, and Mrs. Harp predeceased the testatrix. One of the questions involved in the case was whether the residuary legacy to Mrs. Donaldson passed to Clara Andrews, the only heir at law of the testatrix, or to John and George McLeod, the surviving residuary *504 legatees. The contention of the McLeods that the lapsed legacy passed to them was based on the additional contention that the residuary legatees were tenants in common. The estate in that case as well as the case before us was reduced to cash before distribution. The court pointed out that to constitute a tenancy in common, the tenants must have equal rights to the possession of the whole and without such unity such tenancy does not exist. The court adopted the so called majority rule found in Page on Wills, 1941 Edition 195 which is: "It is now settled, by the weight of authority, that a lapsed part of the residuum does not in itself pass into the remainder of the residuum, but that it passes to the testator's next of kin as intestate property."
This principle likewise conforms to our statute. The right of the residuary legatees under this will is to a distributive share, not to an undivided portion of the whole. The argument cannot prevail that the possession of the executor is that of the legatees. When one dies testate and nominates an executor, the title to the property the latter is obligated to administer passes to him, and the devisees take no title until the settlement of the estate or distribution by the executor. Trent v. Griffy, 193 Ky. 124, 235 S.W. 22. For the reasons stated, we believe the decision in the Horseman case, supra, is not in point and that that of the McLeod case is controlling in the circumstances presented by this record.
The judgment is reversed with directions that it be set aside and that another be entered to conform to this opinion.