Jane GULLETT, Appellant,

v.

D. D. GULLETT'S ADMINISTRATOR
(Ralph N. Walter), et al., Appellees.

Court of Appeals of Kentucky.

Dec. 10, 1954.

Rehearing Denied March 25, 1955.

Thomas D. Theobald, Jr., Grayson, for appellant.

J. Blaine Nickell, Nickell & Walter, West Liberty, Dysard & Dysard, Ashland, for appellees.

CAMMACK, Justice.

D. D. Gullett died in December, 1952. By his will, executed in August, 1949, he gave the bulk of his estate to his sisters, Mattie and Jane Gullett. Item 2 of the will, around which this controversy hinges, follows:

> "2. I will and bequeath to Jane Gullett and Mattie Gullett my sisters, all of my estate consisting of cash, bonds, notes, and live stock on hands at my death, and also all of my real estate wherever situated."

One of the devisees, Mattie Gullett, predeceased the testator, leaving no issue. This action was instituted by the administrator for a declaratory judgment construing Item 2 of the will. The chancellor held that the testator died intestate as to that portion of his property devised to Mattie, and that it should pass to the heirs of the testator.

On this appeal Jane Gullett contends that the quoted provision of the will devised the estate to her and Mattie Gullett as cotenants, and that upon the death of Mattie Gullett without issue before the testator she took the entire estate under the provisions of KRS 394.410 (1), which reads:

> "When a devise is made to several as a class or as tenants in common, or as joint tenants, and one or more of the devisees die before the testator,

and another or others survive the testator, the share or shares of such as so die shall go to his or their descendants, if any; if none, to the surviving devisees, unless a different disposition is made by the devisor."

A similar provision of a will (and the same question under consideration here) was before this Court in the case of Shoenberg v. Lodenkemper's Ex'r, 314 Ky. 105, 234 S.W.2d 501. In that case the Court held that the residuary legatees were not joint tenants, in contradistinction to tenants in common, because there were no words of survivorship and could not be tenants in common because they did not have equal rights to the possession of the whole estate. The Court also said the devisees did not constitute a class because there were no words in the will to show that the testatrix intended to treat them in any way other than as specific persons. Consequently, the Court held that the testatrix died intestate as to that part of the estate which would have passed to the legatee who predeceased her, and that it passed to her heirs. That case is controlling here.

Judgment affirmed.