# Holland et al. v. Holland's Executor and Trustee.

(Decided May 15, 1931.)

WHITE & CLARK for appellants.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

This litigation involves the conctruction of this will:

"I, Richard Humphrey Holland, resident of Hopkinsville, Christian County, Kentucky, do hereby make, ordain and establish this writing as my last will and testament, hereby revoking all other wills heretofore made by me.

"1st. I desire that all by just debts and funeral expenses be paid as soon after my death as practicable, and my executor herein after named is directed to have erected over my grave a suitable monument to mark the place of my final repose.

"2nd. I hereby give and bequeath to my first cousin, Duncan Holland, of near Paducah, Ky., son of the late Thomas Holland, an undivided one-third (1/3) interest in all my farm lands near Salubria Springs, this county, consisting of about 500 acres more or less.

"3rd. I hereby give and bequeath to Miss Lou Holland and her sister, Mrs. Crissie Holland Ross, of Madisonville, Ky., equally and jointly, an undivided one-third (1/3) interest in my said farm lands near Salubria, of about 500 acres, mentioned in paragraph No. 2.

"4th. I hereby give and bequeath to Mrs. Sallie Willis and her daughter, Birdie Willis, of Clarksville, Tenn., an undivided one-third (1/3) interest in all my farm lands near Salubria, consisting of about 500 acres, the other two-thirds interest have been disposed of in paragraphs No. 2 and No. 3.

"5th. I hereby give and bequeath to my cousin, Miss Johnnie Beard, of this city, all the balance of my estate, of every kind and description, whether real or personal, and wheresoever situated, to do with as she will or may choose.

"6th. In the event of the death of Miss Johnnie Beard, mentioned in paragraph 5, before my own, then and in that event I direct that my entire estate be divided into five (5) equal parts and be given to the following named persons:

"(a) To Duncan Holland, above named one part, or one-fifth;

"(b) To Miss Lou Holland and her sister, equally and jointly, Mrs. Crissie H. Ross, mentioned in paragraph 3 above, one part, or one-fifth;

"(c) To Mrs. Sallie Willis and her daughter, Birdie Willis mentioned in paragraph 4 above, equally and jointly one part, or one-fifth;

"(d) To Mrs. Bettie Smith, the daughter of Mrs. Annie Young deceased, of Paducah, Ky., one part or one-fifth;

"(e) To Mrs. Annie H. Coleman, of Paducah, Ky., daughter of the late Richard Holland, for and during her lifetime only, one part, or one-fifth, and at her death her interest in my estate shall be by my executor distributed between the other four devisees mentioned in this paragraph. It being my will and intention that in the event that Miss Johnnie Beard, above mentioned does not survive me, then paragraph 2, 3, 4 and 5 shall be superseded by this paragraph 6.

"7th. In the event that my estate under this will is to be distributed according to, and under paragraph No. 6 then and in that event I hereby authorize and empower my executor hereinafter

named to sell and convey, such real estate as I may own at the time of my death, or any part thereof, in its own discretion, and to cover the proceeds into the estate to be distributed, according as it may deem best and in the interest of the estate.

"8th. I hereby nominate and appoint the First National Bank of Hopkinsville, Ky., as executor of this, my last Will, and charge it to see that its provisions are carried out, and I request that no inventory, or appraisement of my estate be made or returned to the court.

"Given under my hand in the presence of the subscribing witnesses, on this the 26th day of November, 1924.                         R. H. Holland.''

Mrs. Sallie Willis died February 4, 1929. Miss Johnnie Beard died June, 1929. Mrs. Crissie Holland Ross died January, 1930. The testator died April 10, 1930.

It will be seen that the testator made one disposition of his property if Miss Johnnie Beard outlived him and another and quite a different one if she died first. Miss Beard did die first, and thus items 2, 3, 4, and 5 are eliminated.

The trial court prepared a very elaborate judgment, which comports entirely with our views of the matter, and part of which we now copy and adopt as part of this opinion.

"Subparagraph (a) of paragraph No. six. It is the judgment of the court that by subparagraph (a) of paragraph No. Six, the testator intended to, and did, devise to Duncan Holland, of Paducah, Kentucky, one-fifth part of his said estate, and the said Duncan Holland is entitled to the immediate possession and present enjoyment of said one-fifth part.

"Subpargraph (b) of paragraph No. six. It is the judgment of the court that by subparagraph (b) of paragraph No. Six, the testator intended to and did devise to Mrs. Crissie Holland Ross and Miss Lou Holland, her sister, equally and jointly one-fifth part of his said estate, but it further appearing to the court that the said Crissie Holland Ross departed this life, after said will was written but before the death of the testator, leaving no children and no descendants surviving her, and it further appearing to the court that the testator

intended to, and did devise said one-fifth part of said estate jointly and equally to the said Crissie Holland Ross and Lou Holland, and that they were to have taken said one-fifth part, either as a class, or as joint tenants, it is therefore the judgment of the court that the portion of said estate thus devised to the said Crissie H. Ross passed by operation of law, to the said Lou Holland and that under and by the provisions of said devise the said Lou Holland is now entitled to the possession and present enjoyment of the entire one-fifth part of said estate so devised to her and the said Crissie Holland Ross jointly and equally.

"Subparagraph (c) of paragraph No. six. It is further the judgment of the court that by subparagraph (c) of paragraph No. Six of said will, the testator intended to, and did, devise one-fifth of said estate, jointly and equally, to Mrs. Sallie Willis and Birdie Willis, her daughter; that under and by the provisions thereof, it was the intention of the testator to, and he did, devise said one-fifth part of his said estate to the said Mrs. Sallie Willis and Birdie Willis, her daughter, either as a class, or as joint tenants and it further appearing to the court that the said Mrs. Sallie Willis departed this life after said will was written, but before the death of the testator, leaving surviving her as her only issue, or descendants two children, viz.: her daughter the defendant, Birdie Willis, and her son William Clark Willis; it is therefore, the judgment of the court that the interest in said estate, so devised to the said Mrs. Sallie Willis passed by operation of law to her said two descendants and, under and by virtue of the provisions of said will, the said Birdie Willis is now entitled to one-half of said one-fifth part of said estate by the original devise to her and that she and her said brother, the said William Clark Willis, took together the other one-half of said one-fifth part of said estate so devised to the said Mrs. Sallie Willis, as the descendants of the said Mrs. Sallie Willis, and that by virtue thereof the said Birdie Willis is entitled to the possession and present enjoyment of three-twentieth parts of said estate, and the said William Clark Willis is entitled to the possession and present enjoyment of one-twentieth part thereof.

"Subparagraph (d) of paragraph No. six. It is the judgment of the court that by subparagraph (d) of paragraph No. Six, the testator intended to, and did, devise to Mrs. Bettie Smith, the daughter of Mrs. Annie Young, deceased, of Paducah, Kentucky, one-fifth part thereof, and said Bettie Smith is entitled to the immediate possession and present enjoyment of said one-fifth part.

"Subparagraph (e) of paragraph No. six. It is further the judgment of the court that the testator by subparagraph (e) of paragraph No. Six, of his said will and testament intended to, and did, devise the remaining one-fifth part of his estate to the First National Bank, of Hopkinsville, Kentucky, Trustee, but in trust, however, for the benefit of the said Mrs. Annie H. Coleman for and during the term of her natural life. It was the intention of said testator, and he did, under and by this paragraph of his said will intend that said First National Bank of Hopkinsville, Kentucky, as Trustee, should receive, manage, hold, invest and control said one-fifth part of his said estate, and pay the income arising therefrom to the said Mrs. Annie H. Coleman, during the term of her natural life, but, that said trust should cease at the date of the death of the said Mrs. Annie H. Coleman and said Trustee should then, and at that time, pay the corpus of said one-fifth part of said estate in its hands to the following named devisees, who now have a vested remainder in and to said fund in the following proportions, to-wit:

"I. To Duncan Holland, one-fourth part thereof.

"II. To Lou Holland, by devise and as the survivor of Crissie H. Ross, as hereinbefore set out, one-fourth part thereof.

"III. To Bettie Smith, one-fourth part thereof.

"IV. To Birdie Willis by devise and as one of the two descendants of Mrs. Sallie Willis, three-sixteenths part thereof.

"V. To William Willis, as one of the two descendants of Sallie Willis, one-sixteenth part thereof."

These rulings are sustained by sections 2064, 2348 and 4841, Ky. Stats.

The trial court held and set out with correctness and elaboration that by items 7 and 8 of his will the testator intended his executor should sell his property and divide the proceeds as above, but should as trustee keep and hold the part or share of Mrs. Annie H. Coleman as long as she lived, should pay her the income therefrom, and at her death should distribute that share as indicated above.

All of this being in accord with our views, the judgment is affirmed.