## Lea et al. v. Graves.

(Decided March 8, 1935.)

C. C. BAGBY for appellants.

C. E. RANKIN and ROY E. GRAVES for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

George Passmore died on June 18, 1932, a resident of the city of San Antonio, Texas. His estate consisted of a trifling amount of personalty, composed of items of clothing and a few other personal belongings, and some real estate located in the city of Harrodsburg, Ky., which is the subject-matter of this litigation. His will was proved in the probate court of his residence, and a certified copy thereof was probated in the county court of Mercer county, wherein his real estate was situated. By the same order the appellee and plaintiff below, Roy E. Graves, was appointed administrator with the will annexed. Testator directed in his will that his real estate in Harrodsburg "shall be sold at once and converted into cash." He then made some directions about a monument upon the lot wherein his ancestors were buried and provided for its maintenance, and then bequeathed "to my friend, Herman Driess of

San Antonio, Tex., twenty-three hundred dollars, in cash," and made an alternative disposition of that bequest if his friend should not be living at the death of the testator. The balance of the proceeds of his estate he gave to appellant and defendant below, Mrs. Georgia P. Lea of Little Rock, Ark., who was a first cousin to whom he was much attached.

The administrator with the will annexed was preparing to carry out the provisions of the will by making sale of the real estate when objections thereto were made by appellants and defendants below, upon the ground that the testator did not own the entire title to the real estate, but only a joint interest therein with them as owners of the other interest in it; and as such alleged joint owners they objected to the administrator selling the land as a whole, and, for the purpose of ascertaining his rights in the premises, he filed this declaratory judgment action in the Mercer circuit court against appellants, and all others having any interest in the property or claiming any therein, either under the will of testator or otherwise; but only appellants contested the complete title of the testator in and to the property. Answers, replies, and following pleadings made the issues, and upon submission the court sustained the prayer of the petition and adjudged that appellants had no title to the property, and, complaining thereof, they prosecute this appeal. The record is somewhat complicated by the necessary injection therein of so many Passmores, which renders it somewhat confusing, but which is removed when the facts become understood.

The beginning of the tangling of the title to the property was on December 1, 1887, at which time and prior thereto Malinda B. Passmore, who then owned the real estate, with her husband, George Passmore, Sr.. executed a conveyance of it to three maiden sisters of the husband, Maria H. Passmore, Lucy B. Passmore, and Eliza S. Passmore. Just prior thereto her son, Henry C. Passmore, was indicted by the grand jury of Mercer county, charged with murder, and was permitted to execute bail in the sum of $3,000. The father, George Passmore, Sr., had no property, or not a sufficiency to qualify him to execute bail for his son, and the mother, Malinda Passmore, being a married woman, could not, under the law as it then was and now is, bind herself

as his surety. In order to qualify the three maiden sisters of the husband to become surety on the bail bond, the deed of Malinda and her husband was executed to them; the purpose referred to being recited therein. The deed also embraced as a part of the recited purpose (or consideration) that the vendees would "pay off and discharge the mortgage lien (on the land) of J. K. Sumrall, trustee," for the sum of $1,100. Henry C. Passmore was released on a bail bond executed by the three sisters after that conveyance, and which latter was made for the purpose, as we have seen, to qualify them to become his bail. He was later tried and acquitted, and such part of the consideration recited in the conveyance of the property to them became discharged. It nowhere appears in this record that either of the vendees in that deed (the maiden sisters of George Passmore, Sr.) ever paid any part of the lien on the property in favor of Sumrall, trustee, notwithstanding plaintiff alleged and charged in his pleadings that none of it was ever so paid. On the contrary, it is made to appear in the record that no part of it was ever paid by them. It is therefore contended that the paper executed by Malinda and George Passmore, Sr., her husband, on December 1, 1887, was in fact nothing but a mortgage, and its legal effect as a muniment of title passed out of existence when the consideration for its execution failed, or was satisfied without payment by any of the vendees.

Appellants claim their alleged interest as collateral heirs to those three maiden sisters, but they, of course, have no greater right in and to the property than what they (the maiden sisters) obtained under that deed. They do not stand in the position of bona fide acquirers of the title from those sisters for a valuable consideration, and, if the deed executed to them by Mrs. Passmore and her husband in 1887 became inoperative to pass the title to the property as between the parties thereto, it will likewise have that effect upon any of the privies of the parties who are not such for a valuable consideration and without notice. See Wade v. McGinnis, 247 Ky. 261, 56 S. W. (2d) 1000, and cases therein cited. Since appellants are not embraced in the latter class, it would seem to follow that their alleged chain of title through the maiden sisters, or any of them, is unassertable, and that the judgment so holding was proper, unless they in some way acquired their al-

leged title from Malinda Passmore after the deed to them became defeated in the manner hereinbefore stated, but which they do not claim, nor did they attempt to prove. The brothers and sisters of George Passmore, Jr. (the testator herein), who were children of Malinda Passmore, all died before she did, and none of them left issue surviving, and which resulted in George Passmore, Jr., becoming the only surviving heir to his mother, Malinda. Therefore, if she had the title, although equitable only, to the property involved at the time of her death, it descended to the testator as her only surviving heir.

But plaintiff does not rest his right to the relief he sought exclusively on the reacquisition of the title by Malinda Passmore in the manner discussed above, since he also claims the reacquisition of the title to the property by her in the manner now to be stated, and which vested her therewith, although her deed to the maiden sisters of her husband should be held as in no respect a defeasible one, but absolute in its terms and purpose and supported by a sufficient consideration.

Before Malinda Passmore died, and on September 1, 1898, Eliza Passmore, the only surviving one of the three maiden sisters, executed a deed to Malinda Passmore, her sister-in-law, reconveying the involved property to her, and which deed was delivered and put to record. It contains this statement: "The object of this deed is to reconvey the title to the sd Malinda B. Passmore, all the consideration in sd former deed having failed to-wit: Sd Malinda Passmore has to and did pay off the sd Sumrall mortgage debt of $1100, and sd Henry Passmore appeared in the Mercer Circuit Court under sd Bail Bond, stood his trial and satisfied the judgment in sd Case, and the Sd Mariah Passmore, Lucy Passmore, nor Eliza Passmore or either of them ever paid one cent on sd debt or for sd property, and sd Mariah Passmore having died testate and Lucy Passmore died testate and Eliza Passmore now having the legal title alone, and sd Eliza Passmore desiring to convey back the sd title to sd Malinda Passmore, the real object & intent of sd conveyance of Dec. 1887 was to enable the sd Mariah Lucy & Eliza Passmore to go on the bail bond of sd Henry Passmore, the law not allowing sd Malinda Passmore to become surety on sd bail bond, and said bail bond has been satisfied and

sd Malinda Passmore has paid off the sd Sumrall debt, she the sd Malinda Passmore is entitled to this conveyance.'' Its effect to convey the whole title to the land is attempted to be attacked by appellants, but their effort in that direction was a dismal failure, and the court properly rejected their attack and held the instrument valid. If Eliza Passmore owned the title to the property she attempted to convey by that deed (and which is the same as that here involved), then Malinda Passmore, the mother of the testator, owned the property at the time of her death, and which he inherited because of being her only surviving heir, as hereinbefore pointed out. Therefore the next question to be determined is whether or not Eliza Passmore was such exclusive owner at that time.

On the 27th day of August, 1884, two of the maiden sisters, who were vendees in the deed executed to them on December 1, 1887, by Malinda and George Passmore, Sr., executed their wills, which were probated after their respective deaths. Those two were Lucy and Maria Passmore. Each of those wills devised the property of the one executing it to her surviving sisters, i. e., the one executed by Maria Passmore devised her property to her sisters, Lucy and Eliza Passmore, and the one executed by Lucy Passmore devised her property to her sisters, Maria and Eliza Passmore. Maria died before Lucy, and the latter died before Eliza, and, of course, before she executed the deed to Malinda Passmore, to which we have referred, of date September 1, 1898. Section 2064 of our present statutes, in so far as pertinent to the facts of this case, says: ''When a devise is made to several as a class or as tenants in common, or as joint tenants, and one or more of the devisees shall die before the testator, and another or others shall survive the testator, the share or shares of such as so die shall go to his or their descendants, if any; if none, to the surviving devisees, unless a different disposition is made by the devisor.''

When Maria Passmore died, the interest that she took under the will of her sister, Lucy, went under that section to the surviving devisee therein, Eliza Passmore, since the two devisees in the wills of the two sisters come clearly within its provisions, and which construction is approved by the numerous cases cited in the notes to the section and also in the later cases of

Abney v. Pearson, 255 Ky. 394, 74 S. W. (2d) 465, and Holland v. Holland's Ex'r, 238 Ky. 841, 38 S. W. (2d) 967. Therefore, after the death of Lucy Passmore, Eliza, the only surviving sister of the three, became vested with the absolute title to the property, and her deed supra conveying it to Malinda Passmore vested the latter with the complete title. The court so concluded, and which necessarily resulted in its determination that George Passmore, Jr., as the only surviving heir of his mother, Malinda, owned the absolute title to the land at the time of his death, and it was subject to the directions he made of it in his will.

Wherefore, for the reasons stated, the judgment is affirmed.