**Ronald M. LITTMAN (formerly known as Ronald Rosenfeld), Appellant,**

v.

**The OWENSBORO NATIONAL BANK, Trustee under the Will of Silas Rosenfeld, Deceased, et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 24, 1967.

Woodward, Bartlett & McCarroll, Owensboro, Baron, Stern & Liberman, St. Louis, Mo., for appellant.

Sandidge, Holbrook, Craig & Hager, Owensboro, Kupfer & Levine, New York City, Hal A. Hamilton, St. Louis, Mo., Paxton & Seasongood, Cincinnati, Ohio, for Helen Brown Oberdorfer.

Fine, Hatfield, Sparrenberger & Fine, Evansville, Ind., Wilson & Wilson, Owensboro, for Old Nat. Bank in Evansville, Ind., etc., Bessie G. Brown, and Helen Brown Michelson.

King, Deep, Branaman & Hunt, Henderson, for Edwin Hirsch Mann.

R. Allen Wilson (Guardian Ad Litem), Owensboro, for Carol Jane Conway, etc., and all unknown issue and all unborn issue of Adeline Rosenfeld Conway.

OSBORNE, Judge.

This action involves the disposition of a portion of the corpus of a trust created by the will of Silas Rosenfeld, a resident of Daviess County, Kentucky, who died on January 4, 1954, survived by his wife, Blanche Brown Rosenfeld, who in turn died on February 20, 1955. The trust came into being at the death of the testator's wife at which time the corpus was directed to be divided into nine equal shares and distributed as follows: The entire income to widow so long as she lived. Upon the death of the widow the fund is to terminate and the principal remaining divided into nine equal parts and paid over as follows:

"(i) One part thereof to my brother, Adolph H. Rosenfeld, 924 West End Avenue, New York, New York, to be held in trust for them and the survivor under the provisions of paragraph c–4 hereof;

"(ii) One part thereof to my nephew, Millard Brown and his wife, Dorothy Brown, Box 413, Newburgh, Indiana, to be held in trust for them and the survivor under the provisions of paragraph (c–5) hereof;

"(iii) One part thereof to my niece, Mrs. Elizabeth Rosenfeld Auer, 39 Ridgemore Drive, Clayton Missouri;

"(iv) One part thereof to Ronald Rosenfeld, son of my deceased nephew, Arthur Rosenfeld, Jr., whose address is 8056 Watkins Drive, Clayton, Missouri, to be held for him in trust under the provisions of paragraph (c–6) hereof;

"(v) One part thereof to my niece, Adelin Carol Rosenfeld, whose present

address is 924 West End Avenue, New York, New York, to be held for her in trust under the following provisions:

"The aforesaid share devised to my said niece, Adelin Carol Rosenfeld, shall be held in trust for her by The Owensboro National Bank, as Trustee, the net income therefrom to be paid her for life at such times, not less than quarterly, as in the discretion of the Trustee seems advisable. At the death of said Adelin Carol Rosenfeld said share and all unexpended income therefrom shall be paid over and delivered to her surviving issue. Should said Adelin Carol Rosenfeld die without issue surviving then such share and all unexpended income therefrom shall pass to and be distributed equally among the other devisees and legatees referred to in subparagraphs (i) through (ix) of paragraph (c–3) herein, share and share alike.

"(vi) One part thereof to my niece, Helen Brown Oberdorfer, 772 Auburn Avenue, Buffalo, New York;

"(vii) One part thereof to my nephew, Alvin R. Brown, 1200 Parkside Drive, Evansville, Indiana.

"(viii) One part thereof to Maurice R. Mann, Apartment 525 Hotel Windemere East, Chicago 37, Illinois, to be held for him in trust under the provisions of paragraph (c–7) hereof.

"(ix) One part thereof to my nephew, Edwin Hirsch Mann, 5111 Ellis Avenue, Chicago, Illinois."

Paragraph (c–7) of testator's will reads as follows:

"(c–7) The share devised and bequeathed to my nephew, Maurice R. Mann, under subparagraph (viii) of paragraph (c–3) hereof shall be held in trust for him by The Owensboro National Bank, Owensboro, Kentucky, as Trustee, the net income therefrom to be paid to or for the benefit of the said Maurice R. Mann at such time, not less

than quarterly, as in the discretion of the Trustee seems advisable, for and during the life of the said Maurice R. Mann and at his death to his issue surviving and if none, then the same shall be distributed equally among the other legatees and devisees named in subparagraph (i) through (ix) of paragraph (c–3)."

The litigation herein has been brought about because of the death of Maurice R. Mann without issue. The trustee under the will instituted this declaratory judgment proceeding to determine to whom and in what amounts it was to pay the corpus of the Maurice R. Mann trust. The trial court determined that the corpus should be divided among the people named in the eight other subparagraphs in the same proportions and under the same provisions as therein set out. Ronald Littman (Rosenfeld) one of those who is to receive a ⅛ share in trust for life under the judgment prosecutes this appeal. He contends that the clause "the same shall be distributed equally among the other legatees and devisees named in subparagraph (i) through (ix) of paragraph (c–3) * * *" means that this property is to be given outright and in fee. Other parties claim that this clause refers to all individuals other than Maurice R. Mann named in subparagraph (c–3) some ten persons.

In answering these contentions, the trial court said:

"(15) It was the intention of the testator, Silas Rosenfeld, as expressed in Item 7 (c–3) of his will, to establish nine family units to provide for his side of the family and the side of the family of his wife, Blanche Brown Rosenfeld. He meant for each of these shares to be treated as a unit. It was his clear intention that the takers of some of these units or shares should take their shares outright and in fee simple, while those taking other units or shares would enjoy their shares only for their lives. Maurice R. Mann was an incompetent person for whom the testator intended to make pro-

vision during the lifetime of the said incompetent. It was the intention of the testator that upon the death of Maurice R. Mann without issue the trustee should distribute all of the Maurice R. Mann trust assets to the persons named in, and upon the same limitations and trusts as are contained in subparagraphs (i) through (ix), excluding (viii), of paragraph (c–3) of Item 7 of the testator's will. Those beneficiaries who took their initial shares under paragraph (c–3) in fee take their shares of the gift over of the Maurice R. Mann assets in fee, and those persons who took their shares in the initial gifts under (c–3) for life, with limitations over, take their shares of the Maurice R. Mann trust assets for life with the same limitations over as were applicable to the initial gifts in (c–3), as modified by the codicils.

"It was the intention of the testator, Silas Rosenfeld, as expressed in Item 7(c–7) of his will, to incorporate to the extent applicable the provisions of Item 7 (c–3) of his will as a basis for the distribution of assets held for the payment of income to Maurice R. Mann for his life at the death of Maurice R. Mann without issue. The testator intended by Item 7(c–7) and its reference to Item 7(c–3) that at the death of Maurice R. Mann, the assets held for payment of income to him for his life would be divided into eight shares, each equal in size to the others regardless of the number of persons who enjoy or will enjoy each share, and that these eight equal shares would be paid over in the manner provided by Item 7(c–3), as modified by the codicils, with the exception only that subparagraph (viii) would not be applicable."

In interpreting a will the primary rule long followed in this jurisdiction is that the intent of the testator as it appears from the entire instrument will be given effect. This rule sometimes referred to as the "polar star" rule is now well established. See Cassidy v. Vannatta's Executor, Ky., 242 S.W.2d 619; Cuddy v. McIntyre, 312 Ky. 606, 229 S.W.2d 315; Reeves v. Harris, 312 Ky. 277, 227 S.W.2d 198, and Hanks v. McDanell, 307 Ky. 243, 210 S.W.2d 784, 17 A.L.R.2d 1. We are in agreement with the chancellor. A reading of the entire will demonstrates conclusively that it was the intention of Silas Rosenfeld to establish nine separate family units. The portion of some of the units to be held in trust for life; the portion of others to be given outright; and the portion given to Maurice R. Mann was to be held in trust for life. Maurice Mann's trust was to terminate upon his death without issue and the corpus to be distributed among other persons specified in subparagraphs (i) through (ix) with the same limitations and in the same proportions as therein specified.

There are many other issues presented by the various parties to this litigation. However, we believe our interpretation of the instrument as above stated resolves all issues. We further believe this disposition is well supported by Holland v. Holland's Executor and Trustee, 238 Ky. 841, 38 S.W. 2d 967, where under a similar division of an estate the share of the life tenant was divided into the same parts and under the same conditions as the original estate, those taking in joint tenancy under the original will taking their share of the remainder under like provision.

The judgment is affirmed.

All concur.