**Jewell HAYNES, Appellant,**

**v.**

**Elwood HAYNES, Executor of the Estate of
W. O. Bolton, Deceased, et al., Appellees.**

Court of Appeals of Kentucky.

May 10, 1968.

James T. Hatcher, Paul M. Lewis, Hatcher & Lewis, Elizabethtown, Robert D. Meredith, Goff & Meredith, Leitchfield, Sydney Baer, Louisville, for appellant.

William Rueff, Jr., Morgantown, Joseph M. Whittle, Leitchfield, Norvie L. Lay, Louisville, for appellees.

EDWARD P. HILL, Judge.

Involved in this declaratory judgment proceeding is the interpretation and construction of the will of Walter O. Bolton.

After making provision for his debts, funeral expenses, taxes, certain substantial bequests to churches, and the disposition of his automobile, Walter O. Bolton set forth in his will Articles V, VI, and VII which we copy, underlining certain portions thereof that are considered important to a proper construction of his will:

"ARTICLE V—All of the rest and residue of my real estate *with the exception of the real estate upon which is situated Leitchfield Transfer Company in Leitchfield, Kentucky*, and wheresoever situated, I give, bequeath and devise to my wife, Eila Bolton, to be hers absolutely and in fee simple.

"ARTICLE VI—In regard to the business of Leitchfield Transfer Company which I own and operate in Leitchfield, Kentucky, I direct that after my death said business shall continue in operation in the same manner and under the same conditions as it was operated at the time of my death, and said business shall be operated under the management of Jewell

Haynes and any and all bank accounts, monies, papers or other things in connection with said business shall be turned over to her by my Executor and same shall continue until my grandson, Charles Dean Bolton, reaches his 21st birthday. As soon as practical after this 21st birthday, the business, property and assets of Leitchfield Transfer Company shall be appraised by Damon Majors, C. E. Glasscock and Sim Houchens. Within one year after said appraisal I direct that my grandson, if he so desires, shall have the right to purchase the Leitchfield Transfer Company, its property and assets, at two-thirds of its appraised value. During the said year's duration, or any portion thereof, or until such time as he exercises said option to purchase, if he does so within said year's time, the business ahll (sic) continue to be operated by Jewell Haynes under the conditions set out above.

"I further direct that on March 10 of each year that Jewell Haynes shall pay to my wife, Eila Bolton, the net income from said business for the current year, taking into consideration operating expenses and any other thing necessary for the successful operation of said business, and she shall continue to do this until my grandson exercises his option to purchase the business et (sic) out above, of the year's duration to exercise said option expires, whichever comes first.

"In the event that my said grandson does not exercise his option within the year's duration, then I direct that the business shall continue as set out above under the management of Jewell Haynes and she shall pay to my wife the net income from said business under the same terms and conditions as set out above, and this shall continue until the death of my wife. Upon the death of my wife the business, property and assets of Leitchfield Transfer Company shall go into the estate of my wife to be disposed of as a part of her estate or under the terms of her Will if she dies testate.

"I further direct that during any time that the business is in operation under the terms and conditions as set out above, either before my grandson has a right or does exercise his option, or afterwards, and until the death of my wife, if it should become necessary to sell said business for any purpose deemed advisable by Jewell Haynes and my wife, then I hereby direct and empower my Executor to sell said business for the highest and best price he can obtain for same, and he is directed, authorized *and empowered to sign, execute and deliver a deed of conveyance to the purchaser thereof,* and I further direct that the net proceeds of said sale shall be paid in full to my wife, Eila Bolton.

"I desire to say further that having been a businessman all of my life. I know full well that circumstances can arise whereby a business cannot be operated successfully for many different reasons, and knowing that it may be to the best interest of my wife I make this provision.

"ARTICLE VII—All the rest, residue and remainder of my property whether real, personal or mixed, and wherever situated after the specific provisions of this Will have been satisfied, shall be distributed to my wife, Eila Bolton."

Jewell Haynes first appealed naming Elwood Haynes executor of the estate of W. O. Bolton. Five days after Jewell's appeal was filed the executor also filed a direct appeal. The appeals are consolidated. During the litigation, Elwood Haynes resigned as executor and Eila Bolton, surviving widow of the testator, was appointed and qualified as executrix and was substituted as a party herein.

The main battle between the widow, Eila Bolton, and her sister, Jewell Haynes, concerns the right of Jewell under Article VI. A battle of less apparent importance rages over the question of whether the real estate on which the Leitchfield Transfer business is situated passes under Article VII to the

widow, or whether it was included by the testator in Article VI so that it (the real estate) will pass to Charles Dean Bolton, a grandson, who is given one year, after arriving at the age of 21 years, in which to purchase the "property and assets" of Leitchfield Transfer.

The chancellor adjudged the widow took all property of the testator, including the Leitchfield Transfer real estate, subject to the option of Charles Dean to purchase the transfer business. He also found that Jewell had the right to manage the transfer company until the end of the period given Charles Dean in which he may exercise option to purchase, except that she may be discharged by the executor for cause or wrongful management. He required a bond of Jewell that she faithfully perform her managerial responsibilities.

The widow contends the will devised all property to her, including the Leitchfield Transfer business and the real estate used by it, and that she has a right to discharge Jewell at the will and pleasure of the executrix.

The appellee, Jewell Haynes, is satisfied with the judgment.

■ Under well-established rules of this court, the intent of the testator must be ascertained from the will as a whole. Littman v. Owensboro National Bank, Ky., 421 S.W.2d 356 (1967).

By Article V the testator expressly excepted "the real estate upon which is situated Leitchfield Transfer Company." Article V related to real estate only.

■ We think it highly significant that in Article VI the testator provided that: "Upon the death of my wife the business, *property* and assets of Leitchfield Transfer Company shall go into the estate of my wife * * *." And of even more significance is a provision also in Article VI providing for a sale of the transfer company business and authorization *"to sign, execute*

and deliver a *deed of* conveyance to the purchaser." (Emphasis ours.)

We conclude that testator intended the real estate used in the Leitchfield Transfer business to be included in the option to purchase given Charles Dean Bolton. If the option is not exercised, this real estate like other assets of the transfer company would pass under Article VII, the residuary provision of the will.

We now turn to the argument of the widow that she as executrix of the will should at her own will and pleasure have a right under the will to discharge Jewell.

■ This argument necessitates a close look at the character and extent of the powers given Jewell in the will. First it should be noted that testator directed that "said business *shall* be operated under the management of Jewell Haynes and any and all bank accounts, monies, papers or other things in connection with said business shall be turned over to her by my Executor * * *." The testator further provided that Jewell pay "on March 10 of each year" the "net income" to his wife. (Emphasis ours.)

Not only did the testator designate Jewell as a managing trustee of the transfer company, but he went further and vested in Jewell and his wife the joint discretion and power of sale of the transfer company at any time "deemed advisable by Jewell Haynes and my wife."

We conclude that under the terms of the will testator created what we may call a managing trusteeship in Jewell Haynes, under which she has the exclusive right to manage and operate the business of Leitchfield Transfer Company. We agree with the detailed provisions of the supplemental judgment which define the respective rights of Jewell and those of the executrix. It goes without saying that a trustee may be removed for cause.

The judgment is affirmed in part and reversed in part consistent with this opinion.